IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| VINCENT CANNADY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-05022-MDH |
| ) | |
| HAROLD DUMP, ) | |
| et al., ) | |
| Defendants. ) | |

### ORDER

On March 4, 2021, Plaintiff filed a *pro se* complaint against the Missouri Department of Mental Health, Bates County Clerk's Office, John Doe, Harold Dump, Thomas Pyle, Hugh Jenkins, and Melissa Miller. (Doc. 1).[1] Defendants Bates County Clerk's Office, Harold Dump and Thomas Pyle have filed Motions to Dismiss. (Docs. 16 and 19). Defendant Missouri Department of Mental Health has also filed a Motion to Dismiss. (Doc. 69). From the record, it appears no other Defendants have filed responses to the complaint.

**PLAINTIFF'S MOTIONS (Docs. 48, 50, 54, 55 and 80).**

Plaintiff has filed a Motion for Entry of Default against Missouri Department of Mental Health (Doc. 50) and Jeffrey Martin and Melissa Miller (Docs. 54 and 55). While Plaintiff has filed several "Returns of Service" (Docs. 3-7) a review of those documents shows Plaintiff has failed to comply with Fed. R. Civ. P. 4 regarding proper service on the named Defendants. As a result, Plaintiff's motions for default are **DENIED.** (Docs. 50, 54 and 55).

---

[1] On April 19, 2021, Plaintiff filed a *pro se* complaint against defendants Missouri Department of Health, Brian C. Wimes, David S. Baker, Fisher, Patterson, Sayler & Smith, Jane Doe, John Doe, Harold Dump, Thomas Pyle, Hugh Jenkins, Earnest Broughton, Scott Patterson, and Melissa Miller in Case No. 3:21-cv-5038. It appears Plaintiff is also raising similar claims arising out of an underlying state court criminal matter in that lawsuit.

Plaintiff has also filed a motion for summary judgment which sets forth the rules on summary judgment but provides no factual allegations and no legal analysis of his claims. (Doc. 48). Plaintiff has failed to establish a basis for summary judgment. As a result, Plaintiff's motion for summary judgment is **DENIED** without prejudice. (Doc. 48).

Finally, Plaintiff requests that he be appointed counsel in this matter. (Doc. 80). A civil litigant has no constitutional or statutory right to court-appointed counsel. *Dumas v. Adler*, No. 06-3458-CV SFJG, 2006 WL 3937246, at *1 (W.D. Mo. Dec. 20, 2006) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Nonetheless, a district court *may* appoint counsel through the exercise of its sound discretion after considering factors such as the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim, and the complexity of legal issues. *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986). Plaintiff's filings provide insufficient evidence and argument to justify the appointment of legal counsel in this case. Therefore, Plaintiff's Motion for Appointment of Counsel (Doc. 80) is **DENIED**.

Further, in attachments to his motion for appointment of counsel, Plaintiff also asks the Court to stay all proceedings including answering the motions to dismiss "because he is disabled." (Doc. 80-1). Plaintiff moves the Court for an extension of time to answer the pending motions so he might find an attorney to represent him because he is disabled. (Doc. 80-2). These "motions" are filed as exhibits to Plaintiff's motion for appointment of counsel. However, the Court will rule on the motions for purposes of the record. For the reasons set forth below, Plaintiff's request for more time to answer Defendants' pending motions is **DENIED as moot.** Plaintiff's request that the lawsuit be stayed is also **DENIED**. If Plaintiff does not wish to pursue his claims he may dismiss his *pro se* complaint without prejudice. There is no basis for the Court to issue a stay.

**DEFENDANTS' MOTIONS (Docs. 16. 19, and 69).**

The named Defendants in this case include two Missouri state court judges (defendants Dump and Pyle), an attorney representing Plaintiff in the underlying criminal case (defendant Martin), the prosecuting attorney (defendant Jenkins) and the defendant designated as Bates County Clerk's Office. There are pending motions to dismiss as set forth herein.

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

While the Court must liberally construe *pro se* pleadings, it does not excuse *pro se* litigants from compliance with the substantive and procedural rules of the Court. *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984).

**Defendants Jenkins and Bates County Clerk's Office Motion to Dismiss (Doc. 16)**

Plaintiff's claims against defendant Jenkins and the Bates County Clerk's Office arise out of an underlying Missouri state court criminal case against Plaintiff. Plaintiff's *pro se* Complaint alleges civil rights violations under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Employment and Reemployment Rights of Members of the Uniformed Services, and a federal statute regarding when a U.S. district judge is required to disqualify himself or herself.[2]

**Defendant Jenkins**

Plaintiff's complaint alleges: "Hugh C. Jenkins is refusing Plaintiff ADA Accommodation. The Plaintiff acknowledges that under his official capacity he has the right to file charges, the Plaintiff is filing suit as his un-Official Capacity that is causing the Defendant to not reach a deal because of Plaintiff's color and the race listed on the charge against the Plaintiff." Plaintiff claims this was a result of Jenkins's racial bias, that Jenkins refused to complete discovery, and that he is working in collusion against Plaintiff. Plaintiff alleges Jenkins has not produced witnesses or Plaintiff's file in the criminal case and that Jenkins is trying to use the Missouri Department of Health to retaliate against Plaintiff for filing a lawsuit.

Defendant Jenkins moves to dismiss Plaintiff's claims arguing Plaintiff's complaint contains conclusory allegations and offers no allegations of fact. Defendant argues Plaintiff's legal conclusions, such as "racial bias" or that he acted "in collusion" with other Defendants, is pled without any supporting allegations of fact and as a result should be dismissed pursuant to Rule 12(b)(6). This Court agrees. Plaintiff makes numerous general conclusory allegations but fails to

---

[2] As noted by Defendants, Plaintiff previously filed a lawsuit making similar claims and seeking similar relief that was dismissed by this Court. Plaintiff's appeals to the Eighth Circuit were also rejected. See Case No 2:19-cv-040211-BCW. Plaintiff has also filed similar claims in Case No. 3:21-cv-05038 as referenced above.

4

set forth specific allegations as to how he believes any of his rights were violated, that there was a "racial bias," or any factual allegations regarding Jenkins's alleged violations of Plaintiff's rights.

Further, to the extent Plaintiff has sued Jenkins for his role as the Prosecuting Attorney, any such claims are barred by absolute immunity. *See Schenk v. Chavis,* 461 F.3d 1043, 1046 (8th Cir. 2006). Plaintiff has alleged he is suing Jenkins for violation of § 1983 but then also alleges Jenkins is being sued in his "unofficial" capacity. In order to prevail on a § 1983 claim Plaintiff must allege that the Defendant acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (stating the essential elements of a § 1983 claim include that the defendant "acted under color of state law"). Here, Plaintiff has not set forth any allegations that Jenkins somehow violated § 1983 with regard to Plaintiff.

Plaintiff also brings claims against Jenkins under the ADA. The Court finds that Plaintiff also fails to set forth with any specificity how the ADA has been violated. Further, Plaintiff has not established, or alleged, how Jenkins could be found individually liable for a violation of the ADA based on the conclusory allegation in his complaint or under the scenario of Jenkins prosecuting his criminal case in state court. Jenkins is not, and was not, Plaintiff's employer based on the allegations and there is no basis for an ADA claim under Plaintiff's claims. *See* 42 U.S.C. § 12111, *et seq*.

Further, Plaintiff's claim pursuant to USERRA cannot survive Defendant's Rule 12(b)(6) motion. Plaintiff claims Defendant Jenkins has violated 38 U.S.C. § 4311. "Section 4311 applies after reemployment has occurred and 'prohibits discrimination with respect to any benefit of the employment against persons who serve in the armed services after they return from a deployment

5

and are reemployed.'" *Clegg v. Ark. Dep't. of Correction*, 496 F.3d 922, 930 (8th Cir. 2007). Here, Plaintiff has never been employed by Jenkins and this statute is inapplicable.

Finally, the other statute cited by Plaintiff is 28 U.S.C. § 455. This statute identifies when a United States judge shall disqualify himself or herself in any proceeding. Defendant Jenkins is not a federal judge and this statute is not applicable to any civil lawsuit that could be brought against him in his role as a state prosecutor.

Wherefore, for the reasons set forth herein, Jenkins' Motion to Dismiss is granted.

**Defendant Bates County Clerk's Office**

Plaintiff claims Bates County Clerk's Office did not docket Plaintiff's appeal and hindered his presentation of an adequate defense.

Defendant's Motion to Dismiss argues the Bates County Clerk's Office is not a separate legal entity which can be sued. Defendant also states: "It is also important to note that Plaintiff has clearly confused the Bates County Clerk's Office with the Circuit Clerk of Bates County – which perform separate and distinct operations." Defendant contends that Plaintiff is complaining that certain things were not properly filed in connection with his criminal case; clearly something falling within the responsibility of the Circuit Clerk or Circuit Court's office and not the County Clerk's office. Defendant states these are separate entities in Missouri and Plaintiff has not raised a claim against the County Clerk's office based on the allegations regarding court filings.

Finally, Defendant argues the claims of alleged violations against Bates County, or Bates County Clerk's Office, are wholly conclusory in nature and for the same reasons set forth in Jenkins's motion should also be dismissed for failure to state a claim.

6

Case 3:21-cv-05022-MDH   Document 81   Filed 10/25/21   Page 6 of 9

Wherefore, for the reasons set forth in Defendants' Motion to Dismiss, the Court **GRANTS** the motion to dismiss. (Doc. 16). Plaintiff's complaint fails to provide allegations that could support his claims against Bates County Clerk's Office and as a result should be dismissed.

**Defendants the Honorable Harold Dump and Thomas Pyle's Motion to Dismiss (Doc. 19).**

Plaintiff brings his claims against Judge Dump and Judge Pyle in their official and un-official capacity claiming the judges violated Plaintiff's civil rights by ignoring Plaintiff's request for an ADA accommodation, the Civil Rights Act of 1964, the 4th, 5th, 6th and 14th Amendments and 38 U.S. Code § 4311. Plaintiff also alleges the Defendants have not given Plaintiff discovery, have harmed his reputation, and have not given him a right to face his accuser. Plaintiff alleges his criminal case should be transferred to the Veterans Court.

First, Plaintiff brings ADA claims against Judges Dump and Judge Pyle alleging they have violated his constitutional rights and refused him accommodations under the ADA. Defendants move to dismiss Plaintiff's claims pursuant to 12(b)(6) arguing Defendants are entitled to judicial immunity and further that the ADA claims are not cognizable against these judicial defendants.

Plaintiff is currently before the Bates County Circuit Court on a felony assault charge where Judge Dump is the current presiding judge and Judge Pyle is the special judge appointed by the Missouri Supreme Court to hear Plaintiff's motion for Judge Dump to recuse himself.

Generally, Defendants argue Plaintiff has pled legal conclusions and has failed to assert factual allegations to withstand a 12(b)(6) motion. Defendants argue, as a result, Plaintiff fails to meet the *Twombly* standard for pleading and dismissal of the complaint is appropriate. *Bell Atl. Corp. v. Twombly*, 550 at 555. In addition, Defendants argue Plaintiff's claims pertain to their judicial roles in Plaintiff's pending criminal case and that actions taken in that criminal case are performed in their judicial capacity establishing acts of a judicial nature and subject to immunity

from suit. *See Bliven v. Hunt,* 579 F.3d 204, 210 (2d Cir. 2009) and *Mireles v. Waco,* 502 U.S. 9, 11 (1991). This Court has reviewed the general conclusory allegations of Plaintiff against Judge Pyle and Judge Dump and finds that not only has Plaintiff failed to allege facts sufficient to state a claim, even if a claim could be construed, the allegations pertaining to Judge Pyle and Judge Dump's involvement or actions taken in Plaintiff's underlying criminal case would be barred by judicial immunity.

Furthermore, with regard to Plaintiff's ADA claim, the Court does not find Plaintiff has stated any factual allegations against Judge Pyle or Judge Dump to survive a motion to dismiss. In addition, neither Judge Pyle nor Judge Dump are public entities for ADA purposes and therefore not subject to Title II. "[T]he issue of judicial immunity simply never arises because no individual, including a state court judge, may be held liable under Title II of the ADA." *See e.g., Smith v. Glanz*, 662 F. App'x 595, 597 (10th Cir. 2016).

Finally, Plaintiff's claims, if any, against Judge Pyle and Judge Dump pursuant 38 U.S.C. § 4311 and 28 U.S.C. § 455 are inapplicable for the same reasons discussed above.

**Missouri Department of Mental Health's Motion to Dismiss (Doc. 69).**

Plaintiff brings claims against the Missouri Department of Health pursuant to 42 U.S.C. § 1983 and the ADA. Defendant argues Plaintiff purportedly served MDMH by having his wife serve the agency. Defendant argues that the service filed with this Court is insufficient service under the Federal Rules of Civil Procedure and relevant case law and as a result Plaintiff's Complaint should be dismissed as to MDMH for failure to properly serve it. This Court has reviewed the record before it and finds Plaintiff has failed to properly serve this Defendant. Plaintiff must properly obtain service on this Defendant, pursuant to Fed. R. Civ. P. 4, within 45 days of the date of this Order. Failure to properly serve Defendant shall be grounds for dismissal

of Plaintiff's Complaint.  Defendant's motion to dismiss for improper service is **DENIED** at this time. (Doc. 69).

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court hereby **ORDERS:**

Defendants Jenkins and Bate's Motion to Dismiss is **GRANTED** (Doc. 16);

Defendants Judge Dump and Judge Pyle's Motion to Dismiss is **GRANTED** (Doc. 19 );

Defendant Missouri Department of Mental Health's Motion to Dismiss is **DENIED** (Doc. 69);

Plaintiff's Motions for Entry of Default are **DENIED** (Docs. 50, 54, and 55);

Plaintiff's Motion for summary judgment is **DENIED** without prejudice (Doc. 48); and

Plaintiff's Motion for appointment of counsel is **DENIED**  (Doc. 80).

Finally, Plaintiff shall either show good cause why he has not properly served the remaining Defendants (including the Missouri Department of Mental Health) pursuant to Fed. R. Civ. P. 4 or obtain proper service pursuant to Fed. R. Civ. P. 4 within 45 days of the date of this Order.  Failure to comply with Fed. R. Civ. P. 4 may result in dismissal of Plaintiff's claims against any such Defendants.

**IT IS SO ORDERED.**

Dated:  October 25, 2021                                    */s/ Douglas Harpool*
                                                                          **DOUGLAS HARPOOL**
                                                                          **UNITED STATES DISTRICT JUDGE**